UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FRED REEVES,**

      **Petitioner,**

                                        Case No. 1:04-cv-782
**v.**                                             Hon. Robert J. Jonker

**GERALD HOFBAUER,**

      **Respondent.**

_____/

### REPORT AND RECOMMENDATION

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**      **Background**

The events alleged in this petition occurred while petitioner was incarcerated at the Ionia Maximum Correctional Facility in April 2003. On May 9, 2003, petitioner was convicted of 17 major misconduct violations. Most of the violations arose from threats made by plaintiff, who apparently possessed or claimed to possess personal information for various Michigan Department of Corrections (MDOC) employees (e.g., names, addresses, telephone numbers and social security numbers). The 17 major misconduct violations are summarized as follows:

    1.    Threatening behavior (one person in officer's family would die each day plaintiff did not have his pills) (April 24, 2003);

    2.    Threatening behavior (officer and others were "dead bitches" who "are not hard to find") (April 25, 2003);

3. Threatening behavior (statement to officer that "I have your life bitch, I'm going to kill your wife, I'm going to kill your kids") (April 25, 2003);

4. Threatening behavior ("I am going to have your children raped and then killed") (April 26, 2003);

5. Disobeying a direct order (April 26, 2003);

6. Destruction or misuse of property with a value of $10 or more (April 26, 2003);

7. Threatening behavior ("the first chance I get I'm gonna fuck one of you bitches up") (April 26, 2003);

8. Threatening behavior ("I'm going to fuck someone up when you take these chains off") (April 26, 2003);

9. Threatening behavior ("take off these chains or I'll throw piss and shit on you") (April 26, 2003);

10. Threatening behavior ("I am going to kill your bitch ass if you take me out of these restraints") (April 26, 2003);

11. Threatening behavior ("you shine that light in here again bitch, and when I get out of these chains I'm gonna blast that head right off your shoulders") (April 27, 2003);

12. Threatening behavior ("Someone is going to the hospital when I get out of these chains") (April 27, 2003);

13. Threatening behavior ("When I get out of these chains I am going to throw shit in your face and kill you, you mother fucking pink bitch") (April 27, 2003);

14. Threatening behavior ("I am going to kill you and your family") (April 27, 2003;

15. Threatening behavior ("I'm going to get your address and someday you will find your family dead") (April 28, 2003);

16. Threatening behavior ("let's play today bitch, come on, take off these cuffs so I can put a beating on you") (April 28, 2003);

17. Destruction or misuse of property with a value of $10 or more (April 28, 2003).

*See* Exhibits attached to Petition (docket no. 3); docket nos. 17-34.  Petitioner states that these major misconduct convictions entered on May 9, 2003, resulted in "loss of privileges" from March 4, 2004 through July 26, 2005, and in "detention" from December 24, 2004 through May 17, 2006.  *See* docket no. 3.

Petitioner alleges that he "exhausted his state remedies pursuant to 28 U.S.C. § 2254 by filing for a rehearing with the Office of Policy and Hearings which was denied;" that he "then tried to file a Judicial review which was denied due to an outstanding balance [i.e., his petition for judicial review in the state circuit court was rejected because he owed the court outstanding fees and costs]; and that he "also filed a grievance which was denied as untimely."  *See* docket no. 3, *supra*.

On November 12, 2004, while his untimely requests for rehearing were pending before the MDOC, petitioner filed his habeas petition in the Eastern District raising the following issue:

> The conviction and sentence pursuant to which petitioner is being detained was imposed in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that petitioner was deprived of a right to be heard.

*See* docket no.1.

Petitioner claims that his Due Process rights were violated by the following facts (in his words):

> On May 9, 2003, petitioner caught Hearing Officer T. Wolven entering Unit # 1, at which time petitioner called out to H/O Wolven and said "Hey H/O Wolven, this is Reeves in cell #37, 2nd, if I am scheduled for a hearing today I would like to attend and do not believe the officers." I then heard what I was sure H/O Wolven say "you are not scheduled today." However, approximately five (5) to ten (10) minutes later correctional officers Datema and Brandt came to my cell and asked "if I was going to the hearing." I said "yes," and when I stood up to ready myself for the hearing, officer Brandt told officer Datema "fuck him, he refused," they then walked away denying me a hearing.
>
> \*   \*   \*
>
> Because of the foregoing facts, petitioner is being restrained of his liberty by the respondent in violation of the Constitution of the United States and he therefore prays that the writ be granted and an order be entered discharging him from custody.

*See* docket no. 3. The Eastern District transferred the case to this court on November 10, 2004. *See* docket no. 5.

### II.     Procedural Default

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

4

Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). A habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

However, where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

In *Hughes v. Burkett*, No. 01-10173-BC, 2002 WL 31750746 (E.D.Mich. Oct. 8, 2002), the court outlined the procedure by which a Michigan prisoner seeks administrative and judicial review of a major misconduct conviction:

> To exhaust his claim, the petitioner's proper avenue is to request a rehearing of the decision with the hearings administrator at the facility where he was convicted of the major misconduct violation. *See* Mich. Comp. Laws § 791.255(1). Rehearing requests of major misconduct convictions are explicitly authorized by the Michigan Administrative Code. *See* Mich. Admin. Code § 791.3320(4). Such a request must be filed "in order to exhaust [the petitioner's] administrative remedies before seeking judicial review of the final decision or order." *Id.* Then, the petitioner has sixty days from the date of an adverse decision on his request for rehearing to file "an application for direct review" in the Michigan circuit courts. Mich. Comp. Laws § 791.255(2). That decision, in turn, must be appealed to the Michigan Court of Appeals and Michigan Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that one full round of the state appellate process must be exhausted before a habeas corpus petition is filed); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich.2002) (holding that petitioners challenging Michigan state-law convictions must first bring their claims before the Michigan Court of Appeals and the Michigan Supreme Court).

*Hughes*, 2002 WL 31750746 at *1. "In a very real sense, the misconduct hearing is only the first step of a statutory scheme carefully designed to assure fair disciplinary procedures." *Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich. 1989) (emphasis added).

Petitioner's allegations regarding exhaustion are not supported by the record. Michigan law provides that "[a] request for a rehearing shall be filed within 30 days after the final decision or order issued after the initial hearing." M.C.L. § 791.254. *See* MDOC Policy Directive 03.03.105, ¶ DDD (prisoner must submit request for rehearing within 30 calendar days after a copy of the major misconduct hearing report is received). The record reflects that petitioner did not submit timely requests for rehearing. Attached to the petition is a copy of an MDOC letter dated June 26, 2003, which rejects petitioner's "appeal," stating in pertinent part that the "Office of Policy and Hearings' records reflect Requests for Rehearing were not received in the matter of the hearing

officer's May 9, 2003 decisions . . . Appeals therefore cannot be accepted at this time." *See* docket no. 3.

The record reflects that petitioner attempted to file some unidentified pleadings in the Ingham Country Circuit Court sometime prior to June 10, 2004, approximately a year later. *See* Ingham Co. Cir. Ct. letter (June 10, 2004) attached to petition. Petitioner alleges that the unidentified pleadings referenced in the court's letter were in fact his application for review of the major misconduct convictions. *See* docket no. 3. The court returned the pleadings to petitioner pursuant to M.C.L. § 600.2963(8) because he owed outstanding fees and costs at the court.[1] *See* Ingham Co. Cir. Ct. letter (June 10, 2004).

On or about September 9, 2004, petitioner filed a grievance, which was rejected as untimely (i.e., it was filed 16 months after the hearing). *See* MDOC letter (Sept. 16. 2004). The court notes that even if this grievance had been timely filed, such a grievance is not part of the appeals process. *See* M.C.L. § 791.254; MDOC Policy Directive 03.03.105.

On September 17, 2004, petitioner filed requests for rehearing. *See* docket nos. 17-34. The record reflects that the MDOC returned these untimely requests to petitioner "without action" on December 28, 2004, as "not filed within 30 days." *Id.* Finally, on November 14, 2004, petitioner filed the present habeas action while his untimely requests for rehearing were pending at the MDOC.

Petitioner did not follow the procedure for exhausting the Due Process claim arising from the major misconducts: he did not file timely requests for rehearing; he did not exhaust his

---

[1] M.C.L. § 600.2963(8) provides in pertinent part that "[a] prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid."

administrative remedies prior to filing in the state court; he was barred from filing an application for review in the state court due to his failure to pay amounts owed to that court; he filed untimely requests for rehearing after the state court rejected his pleadings; and, he filed the present habeas action while his untimely requests were still pending before the MDOC. Due to petitioner's failure to follow the state's procedure for appealing a major misconduct violation, neither the MDOC nor the Michigan state court's had an opportunity to review his claim. The time for requesting a rehearing and filing an application for state court review is long past.

A claim is procedurally defaulted when a petitioner fails to give the state courts a "full and fair" opportunity to resolve that claim and he cannot cure the failure because the state court remedies are no longer available. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004). As the court explained in *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994):

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Rust*, 17 F.3d at 160.

Based on this record, the court concludes that petitioner's habeas claim is procedurally defaulted. The appeal procedures set forth in M.C.L. § 791.254 (effective October 1, 1983), MDOC Policy Directive 03.03.105, ¶ DDD (effective November 1, 2002), and M.C.L. § 600.2963(8) (effective November 1, 1999) were firmly established and regularly followed when petitioner was convicted of the major misconducts on May 9, 2003. The MDOC and the state court both declined to review petitioner's Due Process claim due to petitioner's procedural default. Because petitioner's claim is procedurally defaulted, habeas review of this claim is precluded unless

he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner raises no argument that cause exists to excuse his procedural default. Petitioner's failure to demonstrate cause prevents federal review of his habeas claim unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

A credible claim of actual innocence must be based on reliable evidence not presented at trial [in this case, petitioner's major misconduct hearing]. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec. 19, 2000). Petitioner has not presented any new evidence demonstrating his actual innocence of the 17 major misconducts for which he was convicted. Absent such evidence, petitioner has failed to demonstrate that a fundamental miscarriage of justice would exist by denying habeas review of his procedurally defaulted claim. *Coleman*, 501 U.S. 722.

Accordingly, petitioner's procedural default precludes federal habeas review of this claim.

### III.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DISMISSED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  November 6, 2007                                            /s/ Hugh W. Brenneman, Jr.
                                                                                                         HUGH W. BRENNEMAN, JR.
                                                                                                         United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).